**UNITED STATES of America,**
**Appellee,**

v.

**Ramon DOMINGUEZ, Defendant–**
**Appellant.**

No. 07–1219–cr.

United States Court of Appeals,
Second Circuit.

June 2, 2008.

**82**

Marion A. Seltzer, New York, NY, for Defendant–Appellant.

David B. Massey, Assistant United States Attorney, (Jason P.W. Halperin and Diane Gujarati, Assistant United States Attorneys, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY and Hon. J. CLIFFORD WALLACE,[1] Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Ramon Dominguez was convicted, following a jury trial, of one count of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846. He was sentenced to 130 months' imprisonment (a sentence below the United States Sentencing Guidelines range of 188 to 235 months determined by the district court), five years' supervised release, and was ordered to pay a mandatory special assessment of one hundred dollars. Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

On appeal, Dominguez challenges his conviction on several grounds, alleging that: (1) the government's proof of conspiracy was insufficient for the conviction;[2] (2) Dominguez's due process rights were violated, and the trial court committed evidentiary error, by permitting the government to question Dominguez regarding statements he allegedly made to a confidential informant about Dominguez's past crimes; (3) the district court improperly

---

1. The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

2. In his reply brief, Dominguez recharacterizes this argument to allege insufficient evidence to prove his predisposition to commit the crime. Although arguments raised in a

reply brief for the first time, on appeal, are ordinarily waived, *see JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005), we reject this claim on the merits for the same reasons that we reject Dominguez's more general sufficiency claim.

permitted the admission of the hearsay statements of a confidential government source who did not testify, in violation of Dominguez's rights under the Sixth Amendment's Confrontation Clause; and (4) Dominguez's Sixth Amendment Confrontation Clause rights were also violated by the admission of government agents' testimony based upon the out-of-court statements of a confidential informant who did not testify.

■ Dominguez's sufficiency claim is clearly without merit. At trial, the government introduced evidence both of: (1) Dominguez's conspiring with non-government agents as well as government informants; and (2) his predisposition to commit the charged crime.

The government played for the jury Dominguez's recorded conversations with government agents, in which Dominguez said that he would "bring people" to steal drugs, and that Dominguez and his coconspirators, in order to effectuate the heist, would "jump out ... with a car as though we were the police." Dominguez also asked about the location of the drugs in order to know whether he would need "to break in," as well as whether it would be necessary for him to bring a gun.

On the day of the planned robbery, and after learning that the robbery was going to take place, Dominguez called someone by the name of "Juan," saying "Juan! Juan! I'll wait for you here. [Pause] Hurry up. He's on his way here now. We'll leave right this minute, yes." Dominguez followed the instructions of a government agent, arriving at the robbery location with six individuals, one of whom was apparently Juan Infante. Immediately prior to his arrest, Dominguez attempted to evade the police. Following his arrest, and after being apprised of his *Miranda* rights, Dominguez confessed that he and his cohorts had conspired to steal cocaine from a warehouse at the location where they were arrested.

In view of the burden that a sufficiency challenge must bear, *see United States v. Santos*, 449 F.3d 93, 102 (2d Cir.2006), the clear evidence of Dominguez's conspiring with non-government agents and his predisposition to commit the crime, we have little difficulty in concluding that at least one rational trier of fact could have found that Dominguez was guilty of the charge, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Payton*, 159 F.3d 49, 55–56 (2d Cir.1998).

■ Dominguez's second claim relates to questions the government asked him during cross-examination. Those questions followed testimony, by Dominguez on direct examination, that he had never been involved in violence, had never been part of groups that committed robberies, and had never owned a gun. That testimony contradicted information provided to the government by a confidential source, who told his handlers that Dominguez had said that Dominguez could do a robbery, and that he had done a murder for hire. Prior to Dominguez's testimony, the government had put Dominguez and the court on notice that, if Dominguez opened the door by proclaiming his innocence, then the government would seek to admit Dominguez's statements.

As it turned out, Dominguez claimed on direct examination that he "was like an innocent child," and that a government agent "wanted to set up the trap for me." True to its word, the government proceeded to attempt to impeach Dominguez by questioning him about statements he had allegedly told the confidential source, thereby responding to Dominguez's claimed innocence and defense of entrapment.

Because the government had a "good faith basis" for its cross-examination questions,[3] *see United States v. Concepcion,* 983 F.2d 369, 391 (2d Cir.1993), and because it was entitled to impeach Dominguez after he had "opened the door" by proclaiming his innocence, *see United States v. Garcia,* 936 F.2d 648, 653–54 (2d Cir.1991), the district court did not err in permitting the government's questions.

■ Dominguez's third claim is that the government improperly admitted hearsay statements of a confidential government source who did not testify, in violation of Dominguez's rights under the Sixth Amendment's Confrontation Clause. The specific statements at issue were made by a confidential government source in conversations with Dominguez that were recorded by the government. The government responded to Dominguez's hearsay challenge at trial by arguing that the statements were not hearsay because they were not offered for their truth, but rather to provide context for Dominguez's own statements. The district court permitted the statements, reminding the jury prior to their hearing the recordings that the statements of the confidential informant were not evidence, and were to be used by the jury only as context for the statements of Dominguez. The court repeated that warning when it gave the jury its charge.

Dominguez's challenge to the admission of the confidential source's recorded statements is controlled by *United States v. Barone,* 913 F.2d 46 (2d Cir.1990). There we held that there is no Sixth Amendment violation "when the government fails to produce as a witness at trial an informant who is heard in a tape-recorded conversa-

tion with the defendant[,] [s]o long as the informant's recorded statements are not presented for the truth of the matter asserted, but only to establish a context for the recorded statements of the accused...." 913 F.2d at 49. Our decision in *United States v. Paulino,* 445 F.3d 211 (2d Cir.2006) affirmed the vitality of *Barone* after the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See Paulino,* 445 F.3d at 216–17 (stating that nothing in *Crawford* undermines the *Barone* rule that testimonial statements offered for context, not for the truth of the matter asserted, are permissible under the Sixth Amendment).

In this case, the government apparently made the confidential source available to the defense, who failed to call the source as a witness. Thus, because the statements of the source here (as in *Barone*) were offered to provide context, rather than for their truth, and because the source was available to the defense, we find neither a hearsay problem, nor a violation of the Confrontation Clause.

■ Dominguez's fourth claim relates, once again, to an alleged violation of the Sixth Amendment—this time due to the testimony of government agents who introduced incriminating statements made by the confidential source who did not testify, and offered opinions that Dominguez now says should have been excluded. For instance, the agents testified regarding: (1) Dominguez's statements to the source reflecting his "ability and willingness to steal" the drugs; and (2) Dominguez's statement to the source that he had a group that would steal from "stash loca-

---

3. Defense counsel failed to object to many of the questions it now challenges on appeal. In addition, the form of the government's questions made clear that the government was relying on information related to it by the confidential informant. That informant was available for the defense to call as a witness to examine these alleged statements, but the defense chose not to call the informant as a witness.

tions." In addition, one of the agents offered some opinions during his testimony, including his belief that "robbery crew[s] ... [t]end to be violent," and that "[i]f they didn't show up [at the location], historically it tells us that they will show up someplace else and rob a different stash location."

In response to Dominguez's hearsay claim, the government argues that the agents' statements were not offered for their truth; they were offered to show the agents' state of mind (in rebuttal to Dominguez's claim of entrapment), as well as to provide background. Although we are troubled by the district court's failure to give a limiting instruction that the government agents' statements were not offered for their truth, *cf. United States v. Reyes,* 18 F.3d 65, 70–71 (2d Cir.1994), we agree that any error in admitting these statements was nonprejudicial in view of the independent evidence offered in support of Dominguez's predisposition.

Furthermore, because the defendant failed to make clear to the district court that he objected to these statements on Confrontation Clause grounds, and not just on hearsay grounds, we review that challenge for plain error on appeal. *See United States v. Dukagjini,* 326 F.3d 45, 60 (2d Cir.2003); *see also United States v. Hardwick,* 523 F.3d 94, 98 (2d Cir.2008) (applying *Dukagjini* plain error rule to *Crawford* claim). For the reasons stated above, any error by the district court in admitting these statements was not "plain," as it did not affect Dominguez's substantial rights in view of the other evidence offered in support of Dominguez's predisposition.

Finally, the agent's opinion regarding the likelihood that the robbery crew may rob a different location was, as the government notes, not based upon any hearsay, and was relevant to the government's rejoinder to Dominguez's entrapment claim.

Accordingly, we **AFFIRM** the judgment of the district court.